UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-2320-CBM-E | Date | March 16, 2026 |
|---|---|---|---|

| Title | *Cranial Technologies, Inc. v. Ottobock SE & Co. KGAA et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**    **IN CHAMBERS- ORDER RE:   APPLICATIONS TO SEAL RE: PLAINTIFF'S MOTION TO EXCLUDE OPINIONS OF JEFFREY CHANG BASED ON VORUM CANFIT [142, 184]**

The matters before the Court are the parties' applications to seal in connection with Plaintiff's Motion to Exclude Opinions of Jeffrey Chang Based on Vorum Canfit.   (Dkt. Nos. 142, 184 (the "Applications").)   The Court rules on the Applications as follows.

Dkt. No. 142 - Plaintiff's Application to Seal

Plaintiff seeks leave to file under seal portions of Exhibit I which contains excerpts of Reply Expert Report of Jeffrey Chang attached to the Declaration of Sharon Lee in support of Plaintiff's Motion to Exclude Opinions of Jeffrey Chang Based on Vorum Canfit and portions of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Exclude which includes quotes from Exhibit I, on the basis Defendants designated Exhibit I as highly confidential under the parties' protective order.   Plaintiff states it takes no position on whether these documents contain confidential information.

Defendants filed a declaration as required under L.R. 79-5.2.2 demonstrating good cause to seal the portions of Exhibit I because it contains confidential information regarding Defendants' proprietary programs and processes and would cause competitive injury to Defendants if disclosed.   (*See* Dkt. No. 170, Mortazavi Decl. ¶¶ 6-7.)   *See Innovative Coatings Tech. Corp. v. Adapon*, 2021 WL 8820861, at *2 (C.D. Cal. Sept. 3, 2021); *Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, 2019 WL 3099711, at *2-*3 (C.D. Cal. Jun. 17, 2019); *In re ConAgra Foods Inc.*, 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014); *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); *Gaudin v. Saxon Mortg. Servs. Inc.*, 2013 WL 2631074, at *2 (N.D. Cal June 11, 2013).   Defendants state they do

00   :

not request redaction or sealing of Plaintiff's Memorandum and Points of Authorities in Support of Motion to Exclude Opinions of Jeffery Chang Based on Vorum Canfit.

Therefore, Plaintiff's Application to Seal (Dkt. No. 142) is **GRANTED** as to Exhibit I to the Lee Declaration in support of Plaintiff's Motion to Exclude Opinions of Jeffrey Chang, and **DENIED** as to the portions of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Exclude which includes quotes from Exhibit I.

Plaintiff shall file Exhibit I under seal in compliance with L.R. 79-5.2.2.   (*See* L.R. 79-5.2.2 ("If the Application [to seal] is granted, the Filing Party must thereafter file the sealed document pursuant to L.R. 79-5.2.2(c). The Clerk will not convert the PROPOSED sealed document submitted with the Application into a new filing.").)

Plaintiff shall publicly file an unredacted version of Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Exclude Opinions of Jeffrey Chang Based on Vorum Canfit **no later than March 19, 2026.**   (*See id*. ("If the Application is denied in its entirety, the document(s) proposed to be filed under seal will not be considered by the Court in connection with any pending motion, unless the Filing Party files an unredacted version of the document(s) within 3 days after the Application is denied.").)

Dkt. No. 184 - Defendants' Application to Seal

Defendants seek leave to file under seal portions of Defendants' Opposition to Plaintiff's Motion to Exclude Opinions of Jeffrey Chang Based on Vorum Canfit and Exhibits 3, 5, 9, and 10 to the Declaration of Sheila Mortazavi in Support of Defendants' Opposition to Plaintiff's Motion to Exclude. Plaintiff does not oppose Defendants' application to seal.

Defendants filed a declaration as required under L.R. 79.5.2.2 demonstrating good cause to seal portions of Exhibits 3, 5, 9, and 10 and portions of Defendants' Opposition to Plaintiff's Motion to Exclude Opinions of Jeffrey Chang Based on Vorum Canfit because they contain proprietary, confidential, and sensitive technical information regarding Defendants' software programs, processes and confidential information regarding Defendants' business strategy which would cause Defendants competitive injury if disclosed.   (*See* Dkt. No. 185, Mortazavi Decl. ¶¶ 3-10.)   *See Innovative Coatings Tech. Corp.*, 2021 WL 8820861, at *2; *Monster Energy Co.*, 2019 WL 3099711, at *2-*3; *In re ConAgra Foods Inc*., 2014 WL 12577133, at *4; *Delphix Corp.*, 2014 WL 4145520, at *2; *Gaudin*, 2013 WL 2631074, at *2.

Accordingly, Defendants' Application to Seal (Dkt. No. 184) is **GRANTED**.   Defendants shall file Defendants' Opposition to Plaintiff's Motion to Exclude Opinions of Jeffrey Chang Based on Vorum Canfit and Exhibits 3, 5, 9, and 10 to the Declaration of Sheila Mortazavi in support thereof under seal in compliance with L.R. 79-5.2.2.   (*See* L.R. 79-5.2.2 ("If the Application [to seal] is granted, the Filing Party must thereafter file the sealed document pursuant to L.R. 79-5.2.2(c). The Clerk will not convert the PROPOSED sealed document submitted with the Application into a new filing.").)

**IT IS SO ORDERED.**

00   :