UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-2320-CBM-E | Date | May 29, 2026 |
|---|---|---|---|

| Title | *Cranial Technologies, Inc. v. Ottobock SE & Co. KGAA et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:

NONE PRESENT

Attorneys Present for Defendants:

NONE PRESENT

**Proceedings:**    **IN CHAMBERS- ORDER RE:   DEFENDANTS' MOTION TO STRIKE THE JOINT INFRINGEMENT THEORIES OF PLAINTIFF'S EXPERT JOHANNE MATTIE**

The matter before the Court is Defendants' Motion to Strike the Joint Infringement Theories of Plaintiff's Expert Johanne Mattie.  (Dkt. No. 151.)  Defendants move to strike portions of Mattie's report regarding joint infringement on the ground Plaintiff failed to plead a joint infringement theory for its direct infringement claims regarding the '798, '979, '925, or '617 Patents, and Plaintiff failed to disclose any joint infringement theory during fact discovery.

"[T]he threshold question in deciding whether to strike an expert report [for exceeding the scope of contentions] is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether."  *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, 2019 WL 8138163, at *10 (C.D. Cal. Nov. 20, 2019), *aff'd*, 35 F.4th 1367 (Fed. Cir. 2022).   Here, the Court finds the facts alleged in the operative complaint "allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party."  *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).[1]  (*See, e.g.*, First Amended Complaint ("FAC") ¶¶ 30, 40, 42, 43, 44, 45, 46, 50; *id.* Ex. 1 at 3, 14-16, 25-26, 36.)  Therefore, Plaintiff sufficiently alleged a joint infringement theory in the FAC.  Moreover, Plaintiff disclosed evidence in support of the joint infringement theory during discovery.  (*See, e.g.*, Lee Decl. Ex. A at 2-10, 20-30.)  Defendants thus fail to demonstrate Plaintiff's expert Mattie's reports

---

[1] *See also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018); *Curb Mobility, LLC v. Kaptyn, Inc.*, 2019 WL 11637302, at *4 (D. Nev. May 8, 2019); *Pernix Ireland Pain DAC v. Alvogen Malta Operations Ltd.*, 2018 WL 2225113, at *2 (D. Del. May 15, 2018).

00   :

regarding joint infringement should be stricken for impermissibly including a new undisclosed theory re: joint infringement.

Accordingly, the Court **DENIES** Defendants' Motion to Strike the Joint Infringement Theories of Plaintiff's Expert Johanne Mattie.

**IT IS SO ORDERED.**