UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-2320-CBM-E | | Date | June 11, 2026 |
|---|---|---|---|---|

| Title | *Cranial Technologies, Inc. v. Ottobock SE & Co. KGAA et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**       **IN CHAMBERS- ORDER RE:   DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF PLAINTIFF'S EXPERT DR. CHRISTOPHER VELLTURO [148]**

The matter before the Court is Defendants' Motion to Exclude the Opinion of Plaintiff's Expert Dr. Christopher Vellturo.  (Dkt. No. 148.)

35 U.S.C. § 284 provides:   "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." "[T]he patentee must in every case give evidence tending to separate or apportion ... the patentee's damages between the patented feature and the unpatented features ...."  *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1376 (Fed. Cir. 2021) (citation omitted).   "Consequently, to be admissible, all expert damages opinions must separate the value of the allegedly infringing features from the value of all other features."  *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1123 (Fed. Cir. 2022) (citation omitted); *see also Willis Elec. Co. v. Polygroup Ltd. (Macao Com. Offshore)*, 166 F.4th 1363, 1376 (Fed. Cir. 2026).   Here, Defendants move to exclude Plaintiff's damages expert Dr. Vellturo's opinion in its entirety on the ground his opinion regarding a reasonably royalty is unreliable under *Daubert* because he did not satisfy the apportionment requirement by (1) failing to apportion profits attributable to the patents in suit; (2) failing to take into other factors that drive customer demand for the helmet such as Defendants' marketing, referral network, or customer support; (3) failing to take into account the adjustable closure system; (4) failing to take into account the washable fabric inner liner; and (5) improperly including profits generated from treatment services not attributable to the patented inventions.

00   :

However, Dr. Vellturo opined regarding the benefits of the patents in suit (*see* Vellturo Opening Report ¶¶ 186-92; Vellturo Reply Report ¶¶ 64-65, 136, 137, 149), and testified at his deposition: "I've limited my assessment of the competitive implications of the license to the effect that's specific to the Patents-in-Suit, and so that inherently has apportionment included in it" (Vellturo Depo. 255:21-259:7). Dr. Vellturo also considered other factors that drive customer demand for the helmet such as Defendants' marketing, referral network, or customer support. (*See* Vellturo Opening Report ¶¶ 198-99), and testified at his deposition that he considered Defendants' "manufacturing acumen," marketing," "patient support," and "customer support" but found they did not offer a "differentiating characteristic" in comparison to a competitor (Vellturo Depo. 256:21-261:12). Dr. Vellturo also considered the adjustable closure system. (*See* Vellturo Opening Report ¶¶ 187-90.) Dr. Vellturo also considered the washable fabric inner liner (*See id.* ¶¶ 188-90; *see also* Vellturo Depo. 261:13-19; Mody Rebuttal Report ¶¶ 70-71.) As to Defendants' contention that Dr. Vellturo's reasonable royalty opinion improperly included profits generated from treatment services not attributable to the patented inventions, a reasonable royalty calculation may consider lost sales of related products. *See Georgia-Pac. Corp.*, 318 F. Supp. at 1120; *Cave Consulting Grp., LLC v. Optuminsight, Inc.*, 2016 WL 4658979, at *16 (N.D. Cal. Sept. 7, 2016) (citing *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995); *Wirtgen Am., Inc. v. Caterpillar, Inc.*, 2024 WL 531234, at *5 (D. Del. Feb. 9, 2024). Thus, to the extent Defendants disagree regarding the relationship between sales of patented helmets and revenues associated with treatment services in connection with those helmets, this is a factual dispute which goes to weight, not admissibility. *See Wirtgen Am.*, 2024 WL 531234, at *5; *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1299 (Fed. Cir. 2015).

Alternatively, Defendants move to exclude Dr. Vellturo's opinion regarding the reasonable royalty for sales to third-party clinics on the ground he did not analyze price elasticity. However, Dr. Vellturo opined that an increase in price of a helmet would not have impacted the outcome of the hypothetical negotiation. (*See* Vellturo Reply Report ¶¶ 8, 26, 59; *id.* at 11 n.17.) (*See also* Vellturo Opening Report ¶ 204.) *See Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336, 1346 (Fed. Cir. 2013); *Monsanto Co. v. Ralph*, 382 F.3d 1374, 1384 (Fed. Cir. 2004); *FloodBreak, LLC v. Art Metal Indus., LLC*, 2020 WL 6060974, at *17 (D. Conn. Oct. 13, 2020) (citing 35 U.S.C. § 284; *Monsanto Co.*, 382 F.3d at 1384).

Alternatively, Defendants also move to exclude Dr. Vellturo's opinion on Defendants' patent clearance Freedom to Operate process ("FTO Process") and his "revealed preference" theory which Defendants contend is a speculative conclusion regarding Defendants' state of mind or knowledge couched as an economic theory. However, Dr. Vellturo does not offer his own opinion regarding Defendants' state of mind. Rather, Dr. Vellturo applied his economic expertise based on Defendants' FTO Process documents and opined regarding the availability and acceptability of alleged alternatives. (*See* Vellturo Opening Report ¶¶ 99-100.)

Accordingly, the Court **DENIES** Defendants' Motion to Exclude the Opinion of Plaintiff's Expert Dr. Christopher Vellturo.

**IT IS SO ORDERED.**