UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-2320-CBM-E | Date | June 11, 2026 |
|---|---|---|---|

| Title | *Cranial Technologies, Inc. v. Ottobock SE & Co. KGAA et al.* |
|---|---|

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:

NONE PRESENT                 NONE PRESENT

**Proceedings:**   **IN CHAMBERS- ORDER RE:   DEFENDANTS' MOTION TO PRECLUDE MR. MALY FROM OPINING ON CLAIM CONSTRUCTION OR INFRINGEMENT OR AS A PATENT LAW EXPERT [145]**

The matter before the Court is Defendants' Motion to Preclude Mr. Maly from Opining on Claim Construction or Infringement or as a Patent Law Expert.   (Dkt. No. 145.)

Defendants move to exclude Maly from opining as a patent law expert.   Plaintiff states Maly will be called as a technical expert regarding source code, and Plaintiff does not intend to offer Maly as a patent law expert or legal expert.   Therefore, Plaintiff is precluded from offering Maly as a patent law expert at trial.

Defendants also argue Maly claims to have expertise regarding "source code" but does not have the experience required to be a person of ordinary skill in the art ("POSA") as required to opine on infringement and whether claim limitations are met, and therefore any opinions offered by Maly regarding whether source code meets certain patent limitations or how certain patent terms or limitations should be interpreted must be excluded.   With respect to the requirement for a POSA in this case, Plaintiff's expert Johanne Mattie opined:   "Based on my analysis of the '798 and '979 patents, in my opinion, a POSA would have had at least (i) a bachelor's degree in software engineering, biomedical engineering, or mechanical engineering, or a similar science, and (ii) at least 2 years of experience manufacturing and digitally designing orthoses and/or prostheses. Additional education may substitute for practical experience, or substantial experience may substitute for educational background."   (Mattie Opening Report ¶ 50.)   Mattie further opined:   "Based on my analysis of the '203, '617, and '925 patents, in my opinion, a POSA would have had at least (i) a bachelor's degree in software engineering, biomedical engineering, or mechanical engineering, or a similar science, and (ii) at least 2 years of

00   :

experience digitally designing and additively manufacturing orthoses and/or prostheses.   Additional education may substitute for practical experience, or substantial experience may substitute for educational background."   (Mattie Opening Report ¶ 51.)   Here, Maly testified at his deposition that he has not done any work on orthotics or prosthetics, nor worked with orthotics software or prosthetic software before this case.   (Maly Depo. 22:15-24:12.)   Plaintiff states that it has offered a different technical expert Johanne Mattie who satisfies the criteria for a POSA and who is the expert who will be offering opinions on claim construction and infringement.   Thus, it is undisputed Maly is not a POSA and is not qualified to opine on infringement and claims construction.

Defendants argue Maly should be limited to explaining what the source code does, and should be precluded from opining that claim terms and limitations are satisfied by the source code or software because Maly is not a POSA.   Defendants identify various portions Maly's report wherein he uses the terms "automatically," "automatic," "identifying," and "identifies."   In Maly's reply report, Maly explained:   "When I use the term 'automatically,' I mean that the action or determination is done at least in part programmatically by the software."   (Maly Reply Report at 2, n.1.)   However, in the Court's claim construction order, the Court construed the term "automatically" as its plain and ordinary meaning, and rejected Defendants' construction of the term "automatically" as "without human control or invention."   (Dkt. No. 134 at 16-17.)   The Court reasoned "the specifications do not preclude any human intervention or control and contemplate ***at least some non-automatic intervention***," "the specifications do not refer to an entirely automated process for the entire invention," and "the specification states in some embodiments the system 'provide[s] an operator with information,' thus demonstrating a human operator is involved in the process," and therefore concluded "the limitation in Defendants' construction to 'without human control or intervention' is not supported by the specification and would exclude embodiments described in the patents."   (Dkt. No. 134 at 17 (emphasis added).)   The Court also construed the term "identifying" as its plain and ordinary meaning, and rejected Defendants' construction of the term "identifying" as "having a program mathematically derive."   (*Id*. at 13-14.)   The Court reasoned the ordinary meaning of "identifying" "does not require a program or a computer, and the plain and ordinary meaning of 'identifying' . . . does not require being mathematically derived" and noted "[t]he specifications do not clearly set forth a definition of the[] term[] other than [its] plain and ordinary meaning, there is no limitation in the specifications to a 'program' or 'mathematically derived,' and the embodiments are not limiting."   (*Id*. at 14 n.5 (citing Merriam-Webster dictionary defining "identifying" as "to ascertain the identify of (someone or something that is unfamiliar or unknown)").)

The words of a claim are generally given their ordinary and customary meaning, which is "the meaning that the term would have to ***a person of ordinary skill in the art*** in question at the time of the invention, i.e., as of the effective filing date of the patent application."   *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (emphasis added).   Plaintiff does not dispute that Maly is being offered for his technical expertise of the accused software and source code to explain how the software operates, and states Maly is not being offered to interpret the claims, opine on whether they are met, or comment on invalidity.   Maly's use of the claim terms "automatically," "automatic," "identifying," and "identifies" even though Maly is not a POSA would be confusing to the jury and would not assist the trier of fact.   *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014) (citing *CytoLogix Corp. v. Ventana Medical Sys., Inc.,* 424 F.3d 1168, 1173 (Fed. Cir. 2005)).   Therefore, Maly is precluded from using the claim term "automatically," "automatic," "identifying," and "identifies" at trial.   Maly, however, is not precluded from describing or explaining the software and

source code without using those claim terms.[1]

Accordingly, the Court **GRANTS** Defendants' Motion to Preclude Mr. Maly from Opining on Claim Construction or Infringement or as a Patent Law Expert as follows:

1. Plaintiff is precluded from offering Maly as a patent law expert at trial; and
2. Maly is precluded from using the claim terms "automatically," "automatic," "identifying" and "identifies" at trial.

Maly, however, is not precluded from describing or explaining the software and source code based on his technical expertise without using the claim terms "automatically," "automatic," "identifying," and "identifies."

**IT IS SO ORDERED.**

---

[1] Plaintiff argues the Court should deny Defendants' instant Motion because Defendants' own expert Dr. Rushanan opines on the functionality of the accused software using similar technically terms such as "automatically," "manually" and "identifies."   However, Plaintiff did not move to preclude Dr. Rushanan's opinions and such failure by Plaintiff is not a basis for denying Defendants' instant Motion to preclude Maly.

00   :