UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-2320-CBM-E | | Date | June 11, 2026 |
|---|---|---|---|---|

| Title | *Cranial Technologies, Inc. v. Ottobock SE & Co. KGAA et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**    **IN CHAMBERS- ORDER RE:   DEFENDANTS' MOTION TO PRECLUDE MS. MATTIE FROM OPINING ON OBJECTIVE INDICIA OF NONOBVIOUSNESS AND STATE OF MIND AND NONINFRINGING ALTERNATIVES [157]**

The matter before the Court is Defendants' Motion to Preclude Ms. Mattie from Opining on Objective Indicia of Nonobviousness and State of Mind and Noninfringing Alternatives under Fed. R. Evid. 702 and *Daubert*.   (Dkt. No. 157.)

Defendants contend Plaintiff's technical expert Mattie improperly opines on Defendants' mental state and intent that Defendant knew it infringed.   Defendants also argue Mattie improperly relies on a series of Freedom to Operate ("FTO") analyses conducted by Defendants and speculation regarding Defendant's intent in opining on copying which is a relevant indicia of nonobviousness of a patent only if it is shown that patent features were copied.   "Technical experts generally may not testify about 'motives, intent, or state of mind,' as determinations on those issues are reserved for the jury."   *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, 2019 WL 8138163, at \*13 (C.D. Cal. Nov. 20, 2019), *aff'd,* 35 F.4th 1367 (Fed. Cir. 2022) (citing *Kaneka Corp. v. Zhejiang Med. Co.*, 2017 WL 10591760, at \*14 (C.D. Cal. Feb. 22, 2017)).   "[W]hile patent experts may not testify that they have divined a party's intent because they are not mind-readers, they may identify certain facts ... from the record to support an inference" of a particular intent."   *Id*. (internal quotations and citation omitted).   Therefore, Plaintiff's technical expert Mattie's opinions "are appropriate to the extent that they address the technical information available to Defendant[s] and why a person with such information would or should have known of the facts that a jury is to consider in assessing whether the alleged infringer knew or should have known of the potential infringement."   *Sound View Innovations, LLC v. Hulu, LLC*, 2019 WL 4640393, at \*6 (C.D. Cal. Aug. 5, 2019) (citation omitted).   While Mattie is permitted to opine on copying by offering an opinion which interprets technical data and provides "context" for the jury

00    :

regarding the elements of induced infringement such as copying and knowledge, Mattie cannot offer opinions as to intent, motive or state of mind of Defendants which would not be helpful to the jury.  *See Pelican Int'l, Inc. v. Hobie Cat Co.*, 655 F. Supp. 3d 1002, 1030 (S.D. Cal. 2023); *Kaneka Corp.*, 2017 WL 10591760, at *14.[1]

As to Defendants contention Mattie's reliance on Defendants' FTO documents to show that Defendants copied Plaintiff's technology is improper because copying requires copying of a product, in *Liqwd, Inc. v. L'Oreal USA, Inc.*, 941 F.3d 1133 (Fed. Cir. 2019), the Federal Circuit found evidence that the defendant copied the plaintiff's "patented method" as opposed to copying a "patented product" was relevant to the Patent Trial and Appeal Board of the USPTO's obviousness analysis, vacated the Board's obviousness determination and remanded for the Board to consider evidence regarding defendant's copying of the plaintiff's patented method in its obviousness analysis.  *Id*. at 1139.  The Federal Circuit rejected the precise argument raised by Defendants in this case, reasoning "[d]etermining that this evidence is relevant does not implicate our concern with avoiding every infringement suit turning into a confirmation of the nonobviousness of a patent" as recognized in *IronGrip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004).  Therefore, Mattie is not precluded from opining regarding copying based on her reliance on Defendants' FTO documents and the fact that Defendants copied Plaintiff's technology rather than copied Plaintiff's product.

Defendants also move to preclude Mattie from offering opinions on commercial success on the ground Mattie is a technical expert and does not have the requisite background to opine on commercial success.  Mattie has engineering degrees and experience in designing assistive devices.  (Mattie Opening Report ¶¶ 3, 5, 7, 9.)  However, Mattie testified at her deposition that she is not an expert economic, marketing expert, or sales expert.  (Mattie Day 1 Depo. 217:2-218:4.)  Thus, Mattie improperly opines regarding actual commercial success of the products by relying on "financial information" provided by Dr. Vellturo rather than her own technical expertise and experience.  (*See* Mattie Rebuttal Report ¶ 769.)  Accordingly, Mattie is precluded from opining at trial regarding the actual commercial success of the products.  *See Rambus Inc. v. Hynix Semiconductor Inc.*, 254 F.R.D. 597, 604 (N.D. Cal. 2008).

Defendants also contend Mattie should be precluded from offering opinions regarding noninfringing alternatives on the ground her opinion is unreliable because it is based on an improper legal standard.  Specifically, Defendants contend Mattie assumes that unasserted patents render a non-infringing alternative unsuitable, but argue there is no legal rule that a product that infringes other patents, which may not even be at issue in the case, is automatically incapable of serving as an acceptable noninfringing alternative.  However, in *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324 (Fed. Cir. 2015), the Federal Circuit held:  "[W]e agree with the district court that the [third-party] formulations, which were launched at risk amid on-going litigation with Astra and were not found to be non-infringing until 2007, would not have been considered as non-infringing alternatives in November 2003."  *AstraZeneca AB*, 782 F.3d at 1340.  Moreover, the Federal Circuit found "[t]he patents held by [a third party] were designed to protect its formulation" and "[f]rom that fact, the district court could reasonably infer that the [third-party] formulation was not available to Apotex as a non-infringing alternative," and "Apotex's conclusory assertion that it could have used [the third-party's] formulation without infringing [the third-party's] patents does not suffice to overcome that inference."  *Id*. at 1340-

---

[1]  *See also Bombardier Recreational Prod. Inc. v. Arctic Cat Inc.*, 2017 WL 758335, at *4 (D. Minn. Feb. 24, 2017); *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 497 (D. Del. 2019); *Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ.*, 927 F. Supp. 2d 1069, 1077 (D. Or. 2013).

00  :

41.    Furthermore, the fact that Plaintiff has not yet sued other third-party helmets for infringement does not demonstrate that the third-party products are non-infringing.    *See, e.g., Empire Tech. Dev. LLC v. Samsung Elecs. Co.*, 2025 WL 1669060, at \*2 (E.D. Tex. June 12, 2025); *Longhorn HD LLC. v. NetScout Sys., Inc.*, 2022 WL 991696, at \*4 (E.D. Tex. Mar. 31, 2022).    Therefore, Mattie is not precluded from offering opinions regarding noninfringing alternatives.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Preclude Ms. Mattie as follows:

(1)    Mattie is precluded from opining at trial regarding:

    (a)    Defendants' actual motives, intent, or state of mind, and

    (b)    the actual commercial success of products.

(2)    Mattie is not precluded from offering opinions at trial regarding:

    (a)    copying by interpreting technical data, addressing the technical information available to Defendants and why a person with such information would or should have known of the facts that a jury is to consider in assessing whether the alleged infringer knew or should have known of the potential infringement,

    (b)    copying based on Defendants' FTO documents and the fact that Defendants copied Plaintiff's technology rather than copied Plaintiff's product, and

    (c)    noninfringing alternatives.

**IT IS SO ORDERED.**