UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-2320-CBM-E | Date | June 11, 2026 |
|---|---|---|---|

| Title | *Cranial Technologies, Inc. v. Ottobock SE & Co. KGAA et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

|  V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:

NONE PRESENT                    NONE PRESENT

**Proceedings:**    **IN CHAMBERS- ORDER RE:   PLAINTIFF'S MOTION TO
EXCLUDE CERTAIN OPINIONS OF JEFFREY CHANG [141]**

The matter before the Court is Plaintiff's Motion to Exclude Certain Opinions of Jeffrey Chang pursuant to *Daubert* and Fed. R. Evid. 702.   (Dkt. No. 141.)

Plaintiff moves to preclude defense expert Jeffrey Chang from opining that the Vorum CANFIT software anticipates or renders obvious any asserted claim of the Asserted Patents on the ground Chang's CANFIT opinions are based solely on his recollection of how the software worked, with no corroborating documentary or software evidence.   "Generally, [c]orroboration is required of any witness whose testimony alone is asserted to invalidate a patent."   *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1374 (Fed. Cir. 2010) (internal quotations and citation omitted).   However, Plaintiff's Motion to exclude Chang's opinion that CANFIT anticipates or renders obvious any asserted claim based on lack of corroboration is premature since trial has not occurred and the Court must assess the totality of the circumstances and examine all evidence at trial including whether Chang's testimony was contradicted or impeached by other evidence in determining whether Chang's testimony was corroborated.   *See id.* at 1374; *Aspex Eyewear, Inc. v. Concepts In Optics, Inc.*, 111 F. App'x 582, 589 (Fed. Cir. 2004); *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1366, 1368-69 (Fed. Cir. 1999); *Diodem, LLC v. Lumenis Inc.*, 2005 WL 6225364, at *8 n.9 (C.D. Cal. Sept. 15, 2005).[1]

---

[1] Plaintiff cites to no authority holding an expert's opinion is inadmissible based on the corroboration rule.   Moreover, Defendants cited evidence which they argued would be offered at trial to corroborate Chang's testimony regarding CANFIT.   *See TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1159 (Fed. Cir. 2004); *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1346 (Fed. Cir. 2013).

00   :

Plaintiff also moves to preclude Chang from opining that the Vorum CANFIT software anticipates or renders obvious any asserted claim of the Asserted Patents on the ground Chang failed to "map" the CANFIT software to the element of any asserted claim.  "To prove obviousness, [Defendants] must show that ***each claim element*** appears in at least one reference and that a [POSA] would have considered the concepts from the references to be obvious to combine."  *Dexcowin Glob., Inc. v. Aribex, Inc.*, 2017 WL 3478492, at \*8 (C.D. Cal. June 29, 2017) (emphasis added).  Moreover, anticipation "requires ***all elements*** of a claim to be disclosed within a single reference."  *Cohesive Techs. Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) (emphasis added).  Chang testified at his deposition that he did not do "a claim-by-claim analysis" in his reports and "how it would be met by the [Vorum] Canfit software."  (Chang Depo. (Vol. 2) at 407:12-20.)  While Defendants cite certain statements in Chang's reports wherein he identifies CAD/CAM references and explains how those references satisfy some claim elements, Chang fails to perform an element-by-element analysis of each claim to each prior art reference and fails to explain how all elements of a claim are disclosed in a single reference.  *See Cohesive Techs.*, 543 F.3d at 1364; *Dexcowin*, 2017 WL 3478492, at \*8; *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 435 (D. Del. 2004).

Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Exclude Certain Opinions of Jeffrey Chang as follows:

1. Plaintiff's Motion to exclude Chang's opinion that CANFIT anticipates or renders obvious any asserted claim based on lack of corroborating evidence is **DENIED**; and

2. Plaintiff's Motion to exclude Chang's opinions re: anticipation and obviousness based on Chang's failure to perform an element-by-element comparison of each claim to each prior reference is **GRANTED**.

**IT IS SO ORDERED.**