UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-2320-CBM-E | Date | June 11, 2026 |
|---|---|---|---|

| Title | *Cranial Technologies, Inc. v. Ottobock SE & Co. KGAA et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:

NONE PRESENT

Attorneys Present for Defendants:

NONE PRESENT

**Proceedings:**    **IN CHAMBERS- ORDER RE:   PLAINTIFF'S MOTION TO EXCLUDE OPINIONS OF NISHA MODY, PH.D. AND JEFFREY CHANG BASED ON INCOMPARABLE LICENSES AND ALLEGED ALTERNATIVES [138]**

The matter before the Court is Plaintiff's Motion to Exclude Opinions of Nisha Mody, Ph.D. and Jeffrey Chang Based on Incomparable Licenses and Alleged Alternatives.   (Dkt. No. 138.)

Plaintiff moves to exclude defense technical expert Jeffrey Chang's opinions regarding the Össur License and the Pomatto License which Plaintiff contends are incomparable license agreements. Plaintiff also moves to exclude defense expert Dr. Mody's affirmative 5% royalty damages opinion on the ground it relies on the Össur License and the Pomatto License and the Crowe DSi valuation which Plaintiff contends are not comparable to the hypothetical license at issue in this action.   "[T]he hypothetical negotiation or the 'willing licensor-willing licensee' approach for calculating reasonable royalty damages . . . attempts to calculate the royalty rate the parties would have agreed upon had they negotiated an agreement prior to the start of the infringement."  *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372 (Fed. Cir. 2020).   "In determining a reasonable royalty, parties frequently rely on comparable license agreements."  *Id.* (citations omitted).   "Assessing the comparability of licenses requires a consideration of whether the license at issue involves comparable technology, is economically comparable, and arises under comparable circumstances as the hypothetical negotiation." *Id.* at 1372-73 (citing *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012)). "[T]he issue of comparability is often one of sufficiency of the evidence, ***not admissibility***."  *Id.* at 1373 (emphasis added) (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211-12 (Fed. Cir. 2010); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012)).

00   :

Therefore, the Court finds the issue of whether the Össur License and the Pomatto License are comparable license agreements goes to weight, not admissibility of Dr. Mody and Chang's opinions, and is not a proper basis for excluding their opinions regarding the licenses at trial.  *See Bio-Rad Lab'ys, Inc.*, 967 F.3d at 1373; *ActiveVideo Networks*, 694 F.3d at 1333; *Ericsson*, 773 F.3d at 1227.

As to the Crowe DSi valuation, Plaintiff contends the valuation relies on decades-old industry licenses whose technical and economic comparability were never assessed by Dr. Mody or defense expert Chang.   However, whether the licenses relied on in the Crowe DSi valuation are comparable licenses goes to weight, not admissibility, and is not a proper basis for excluding Dr. Mody's damages opinion at trial.  *See Bio-Rad Lab'ys, Inc.*, 967 F.3d at 1373; *ActiveVideo Networks*, 694 F.3d at 1333; *Ericsson*, 773 F.3d at 1227.

Moreover, with respect to Plaintiff's contention that the valuation relied on by Dr. Mody was improper because it retroactively apportioned the purchase price to various assets for accounting purposes rather than assessing the value of a hypothetical license from competitors, the valuation relied on by Dr. Mody is relevant to the reasonable royalty analysis because it included a valuation of the patents in suit which can shed light on the reasonableness of the expert's royalty estimates.  *See Oracle Am., Inc. v. Google Inc.*, 2012 WL 877125, at *3 (N.D. Cal. Mar. 15, 2012); *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, 2024 WL 3550482, at *6 (C.D. Cal. July 18, 2024); *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004).

Plaintiff also moves to exclude Dr. Mody and Chang's opinions regarding alleged non-infringing alternatives based on Plaintiff's incorrect contention that Defendants bear the burden of showing their alternatives are non-infringing, available and acceptable.   However, Plaintiff bears the burden of proof of showing the absence of acceptable noninfringing alternatives.  *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017); *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571 (Fed. Cir. 1996); *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1173 (Fed. Cir. 1990); *see also Laltitude LLC v. Shenzhen Jinnuo Precision Prods. Co.*, 2023 U.S.Dist.LEXIS 90313, at *9 (C.D. Cal. May 23, 2023) (quoting *Presidio Components, Inc.*, 875 F.3d at 1380-82); N.D. Cal. Model Patent Jury Instr. No. 5.3.

Accordingly, the Court **DENIES** Plaintiff's Motion to Exclude Opinions of Nisha Mody, Ph.D. and Jeffrey Chang Based on Incomparable Licenses and Alleged Alternatives.

**IT IS SO ORDERED.**